IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DICK ANTHONY HELLER, et al.** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 22-cv-1894 DRF |
| | ) |
| **DISTRICT OF COLUMBIA, et al.** | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER GRANTING PRELIMINARY INJUNCTION**

(Proposed)

Before the Court is Plaintiffs' application to preliminarily enjoin enforcement of District of Columbia Municipal Regulation 24-2343.1, which limits the amount of ammunition a District of Columbia concealed pistol license holder may carry in public, and responsive pleadings thereto.

Pursuant to the Supreme Court's decision in *New York State Pistol & Rifle Association v. Bruen,* 597 U.S. __, Case No. 20-843, *slip op.* (June 23, 2022), the District bears the burden of justifying its regulation as consistent with the Second Amendment and the nation's historical tradition of firearms regulation.

The Court finds that the District has failed to show that its regulation is consistent with the nation's historic tradition of regulation of firearms. Indeed, the District's regulation appears to be an outlier both in terms of history and in terms of contemporary firearms regulation. In light of that finding, the Court concludes that Plaintiffs' have established they are likely to succeed on the merits of their claim that DCMR 24-2343.1 is void in violation of the Second Amendment.

Because the regulation burdens Plaintiffs Second Amendment right of armed self-defense, and is likely unconstitutional, the court finds that Plaintiffs have made a sufficient showing of irreparable injury. *See Gordon v. Holder*, 721 F.3d 638, 653 (D.C. Cir. 2013).

Likewise, because the regulation is likely unconstitutional, Plaintiffs' have shown that the equities are in its favor and that the public interest would be served by grant of a preliminary injunction. *Id.*

Accordingly, the Court will grant the requested injunction.

The Court further finds pursuant to Fed. R. Civ. Pro 65(c) that bond is not required to protect the interests of Defendants. So Plaintiffs need post no bond.

IT IS ORDERED that Defendants and all persons acting in concert with Defendants having notice of this Order are enjoined from enforcing DCMR 24-2343.1 pending final resolution of this proceeding.

IT IS FURTHER ORDERED that no bond is required of the Plaintiffs.

SO ORDERED.

Dated: _____, 2022

_____
Dabney L. Friedrich
District Court Judge