UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DICK ANTHONY HELLER,** *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> **DISTRICT OF COLUMBIA,** *et al.*, <br><br> *Defendants.* | **Civil Action No. 1:22-cv-1894-DLF** |

## DEFENDANTS' PARTIAL CONSENT MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION AND TO HOLD DEFENDANTS' RESPONSE DEADLINE IN ABEYANCE

Defendants District of Columbia (the District) and Metropolitan Police Department Chief Robert J. Contee III move for a 90-day extension of time to respond to Plaintiffs' application for preliminary injunction [7] (Motion). According to this Court's Minute Order of July 12, 2022, Defendants' response to the Motion is currently due on July 18, 2022. This is Defendants' first request for an extension, and if the Court grants it, Defendants' new deadline will be Monday, October 17, 2022. Defendants also ask the Court to hold their deadline to respond to Plaintiffs' Complaint in abeyance until a decision is issued on Plaintiffs' Motion.

As explained in the accompanying memorandum of points and authorities, the requested extensions will not unduly delay resolution of this matter. Rather, it will allow counsel for Defendants sufficient time to conduct necessary historical research of materials that are not readily available to the public, consult experts regarding the same, and possibly take limited discovery related to the injuries allegedly justifying treatment of Plaintiffs' claims on an expedited basis. Plaintiffs consent only to a 30-day extension, and to the proposal to hold Defendants' deadline to respond to the Complaint in abeyance. A proposed order is attached.

Date: July 13, 2022.                                Respectfully Submitted,

                                                    KARL A. RACINE
                                                    Attorney General for the District of Columbia

                                                    CHAD COPELAND
                                                    Deputy Attorney General
                                                    Civil Litigation Division

                                                    */s/ Matthew R. Blecher*
                                                    MATTHEW R. BLECHER [1012957]
                                                    Chief, Civil Litigation Division, Equity Section

                                                    */s/ Mateya B. Kelley*
                                                    ANDREW J. SAINDON [456987]
                                                    Senior Assistant Attorney General
                                                    MATEYA B. KELLEY [888219451]
                                                    RICHARD P. SOBIECKI [500163]
                                                    HELEN M. RAVE[*]
                                                    Assistant Attorneys General
                                                    Civil Litigation Division
                                                    400 6th Street, NW
                                                    Washington, D.C. 20001
                                                    Phone: (202) 724-5824
                                                    Email: mateya.kelley@dc.gov

                                                    *Counsel for Defendants*

---

[*]   Admitted to practice only in the State of New York. Practicing in the District of Columbia under the direct supervision of Matthew Blecher, a member of the D.C. Bar, pursuant to LCvR 83.2(f) and D.C. Court of Appeals Rule 49(c)(4).

## **RULE 7(m) CERTIFICATION**

On July 13, 2022, Andrew J. Saindon contacted Plaintiffs' counsel via telephone regarding this Motion. Plaintiffs partially consented to the relief requested; they do not consent to a 90-day extension, but they do consent to a 30-day extension, if they are also permitted 30 days to reply in support of their application for preliminary injunction. Plaintiffs consent to the request to hold Defendants' deadline to respond to the Complaint in abeyance.

*/s/ Mateya B. Kelley*
MATEYA B. KELLEY [888219451]
Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DICK ANTHONY HELLER**, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>**DISTRICT OF COLUMBIA**, *et al.*,<br><br>*Defendants.* | **Civil Action No. 1:22-cv-1894-DLF** |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' PARTIAL CONSENT MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION AND TO HOLD DEFENDANTS' RESPONSE DEADLINE IN ABEYANCE

Defendants here—the District and Chief Contee—seek a 90-day extension of time to respond to Plaintiffs' Application for Preliminary Injunction [7] (Motion). The current deadline is July 18, 2022; the new deadline would be October 17, 2022. Plaintiffs consent to a 30-day extension, but good cause exists for considerably longer. As a result of the Supreme Court's recent decision in *New York State Rifle and Pistol Association v. Bruen*, ___ U.S. ___, 2022 WL 2251305, slip op. at 8 (June 23, 2022), Defendants' defense on the merits demands significant new historical research to show that the challenged regulation "is consistent with this Nation's historical tradition of firearm regulation," including potential review of centuries-old materials, which are not in Defendants' possession, and which may require expert assistance to obtain and analyze. Defendants also intend to seek leave for limited, expedited discovery concerning Plaintiffs' standing and alleged irreparable harm as well as facts relevant to the Court's consideration of the balance of equities and the public interest. These efforts are necessary not only to enable a vigorous defense to the Motion, but because of the possibility that Plaintiffs'

claims may be finally decided at this stage—even over Defendants' objection. Finally, with Plaintiffs' consent, Defendants ask the Court to hold their deadline to respond to the Complaint in abeyance.

## BACKGROUND

Plaintiffs Dick Anthony Heller, Charles W. Nesby and the Heller Foundation filed this lawsuit on June 30, 2022. Compl. [1]. Plaintiffs Heller and Nesby allege they both have Concealed Carry Pistol Licenses and regularly carry pistols in the District. *Id.* ¶¶ 1, 2. The Heller Foundation is a 501(c)3 organization that joins this action on behalf of its "contributors." *Id.* ¶ 3. Plaintiffs bring two claims challenging 24 DCMR § 2343.1, a regulation that limits the amount of ammunition that may be lawfully carried by an individual with a concealed carry license to two times the amount required to fully load the pistol being carried, not to exceed twenty rounds of ammunition. *Id.* ¶¶ 24, 52–54 (alleging violations of Second and Fifth amendments). On July 11, 2022, Plaintiffs moved for a preliminary and permanent injunction enjoining the enforcement of this provision. Plaintiffs' Memorandum in Support of Motion for Preliminary Injunction [7-1] (PI Mem.) at 34–35. In a Minute Order issued July 12, 2022, this Court set a deadline for Defendants to oppose Plaintiffs' motion by next Monday, July 18, 2022. Plaintiffs have consented to a 30-day extension of that deadline, on condition that Defendants also agree to a 30-day reply period for Plaintiffs.

## LEGAL STANDARD

The Court may extend Defendants' time to respond to Plaintiffs' motion for good cause. Fed. R. Civ. P. 6(b)(1)(A). "Rule 6(b)(1)(A) gives the court wide discretion to grant a request for additional time that is made prior to the expiration of the period originally prescribed … ." 4B Charles Alan Wright & Arthur R. Miller, Fed. Prac. and P. § 1165 (4th ed. Apr. 2022); *Cohen*

*v. Bd. of Tr.s of the Univ. of the District of Columbia*, 819 F.3d 476, 479–480 (D.C. Cir. 2016) ("We give great deference to a district court's Rule 6(b) decision … ."); *Smith v. District of Columbia*, 430 F.3d 450, 456 (D.C. Cir. 2005) (same). "[A]n application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." Wright & Miller § 1165; *accord Alexander v. Saul*, 5 F.4th 139 (2d Cir. 2021); *Rachel v. Troutt*, 820 F.3d 390 (10th Cir. 2016); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253 (9th Cir. 2010).

## ARGUMENT

### I.     Defendants Require Additional Time to Conduct Historical Research.

Just weeks ago, in *New York State Rifle and Pistol Association v. Bruen*, the Supreme Court announced a wholly new test for consideration of Second Amendment claims. Under *Bruen*, to justify a law or regulation that applies to conduct covered by the plain text[1] of the Second Amendment, "the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." 142 S. Ct. 2111, Case No. 20-843, slip. op. at 8 (June 23, 2022). To do so, the government can "identify a well-established and representative historical *analogue*" to the challenged regulation, *id*. at 21 (emphasis in original), and the reviewing court should consider, among other things, whether the "modern and historical regulations" identified "impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified." *Id*. at 20–21 (emphasis in original).

The discovery burden imposed by *Bruen* on government defendants is a heavy one. In certain cases, as here, it calls for significant new historical research*, see, e.g.*, *Bruen*, Slip. Op. at 20–21, from a wide variety of sources including statutes, treatises, caselaw, news, and historical

---

[1]     Defendants do not concede that the conduct plaintiffs allege is covered by the plain text of the Second Amendment.

3

accounts, likely among others—across centuries. *See*, *e.g.*, *Bruen*, slip. op. at 25 ("Respondents appeal to a variety of historical sources from the late 1200s to the early 1900s."); *accord Wrenn v. D.C.*, 864 F.3d 650, 658 (D.C. Cir. 2017) (explaining that *District of Columbia v. Heller*, 554 U.S. 570 (2008) "winds its way … through a parade of early English, Founding-era, antebellum, and late-nineteenth century cases and commentaries" and that comparable argument "pulls us—and both parties and several scholars—into dense historical weeds"). Unlike materials Defendants would ordinarily rely upon to defend against a motion for preliminary injunction—such as facts within the District's possession or caselaw—these materials are not readily available to Defendants, online or otherwise, and are, in many cases, beyond the ken of the average non-historian litigator.

As such, Defendants are currently exploring the possibility of retaining one or more consulting experts concerning known historical sources and weighing the necessity of retaining researchers to conduct original, archival research. This effort requires, at the very least, more than a few weeks' time, even to begin the work.

Such efforts are necessary at this preliminary stage because of the possibility that Plaintiffs' claim may be finally decided, even over Defendants' objection, before litigation proceeds any further. *Cf.* PI Mem. at 50–51 (requesting Court issue permanent injunction); *Wrenn*, 864 F.3d at 667–668 (reversing district court's denial of preliminary injunction and remanding plaintiffs' Second Amendment claim with instructions to enter permanent injunction—rather than for further proceedings). Defendants should not be forced to defend constitutional challenges to important public safety regulations, possibly to final judgment, and in reliance upon materials outside their possession, in a matter of mere weeks. *Cf.* Fed. R. Civ.

P. 1 (requiring federal rules of civil procedure to be construed so as to secure the "just" determination of every action and proceeding).[2]

## II. Defendants Require Additional Time to Conduct Limited Discovery.

As discussed more fully in a forthcoming motion for expedited discovery, Defendants also require additional time so that they can obtain critical discovery to prepare an adequate defense to Plaintiffs' request for emergency injunctive relief. The narrow discovery seeks information concerning Plaintiffs' standing and alleged irreparable harm as well as facts relevant to the Court's consideration of the balance of the equities and the public interest. *Cf. Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (plaintiffs must show injury is "certainly impending" to have standing to seek prospective relief); *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (outlining test for injunctive relief). Defendants need this information to effectively oppose Plaintiffs' application for a preliminary injunction. Defendants are prepared to serve these discovery requests forthwith and will ask the Court to require Plaintiffs' responses within two weeks' time.

## III. Plaintiffs Will Suffer No Prejudice in the Additional Days Requested.

Plaintiffs will suffer no prejudice as a result of the requested extension. Although Plaintiffs have filed a motion for emergency relief, nothing in the filing evinces a true emergency. The law at issue has been in force for years—during which Plaintiffs could have,

---

[2] To be clear, Defendants oppose Plaintiffs' request to advance to trial on the merits and consolidate it with the hearing for preliminary injunction. PI Mem. at 34. While the District requests a 90-day extension here to respond to the application for preliminary injunction, the District's defense, and the Court's merits analysis, would almost certainly benefit from additional time taken to conduct discovery and research. *See, e.g.*, *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("[I]t is generally inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits."); *NRDC v. Peña*, 147 F.3d 1012, 1023 (D.C. Cir. 1998); *Gordon v. Holder*, 721 F.3d 638, 644 (D.C. Cir. 2013).

5

but did not, file their challenge. *See* 24 DCMR § 2343.1; 62 DCR 9781 (July 17, 2015). Plaintiffs' filing shows no reason why their desire to carry more ammunition *now* requires extraordinary relief from this Court. Plaintiffs' nearly seven-year delay in bringing suit undercuts their claim of imminent harm. Indeed, the litigation appears to have been designed in response to the *Bruen* decision, not in response to any changing needs or desires on Plaintiffs' parts. *See* Compl. ¶¶ 10, 13–15, 33, 47 (citing *Bruen*). But nothing in *Bruen* directly affected the restrictions on the locations where concealed-pistol license holders may carry their weapons, or any other District law. There is no reason to believe the additional time would prejudice Plaintiffs' conduct of the litigation. As discussed above, the additional time would simply give Defendants more time to mount an adequate defense.

**IV.     Holding the Deadline to Respond to Plaintiffs' Complaint in Abeyance Promotes Efficiency for the Parties and the Court.**

Plaintiffs consent to Defendants' request to hold their deadline to respond to the Complaint in abeyance, pending this Court's decision on Plaintiffs' Motion. Holding this deadline in abeyance would permit the Parties to engage in responsive pleadings or motions practice with the benefit of this Court's opinion on Plaintiffs' Motion and would therefore streamline briefing and argumentation for the Parties and the Court.

## CONCLUSION

For the foregoing reasons, the Court should extend Defendants' deadline to oppose plaintiffs' motion for preliminary injunction by 90 days and hold Defendants' deadline to respond to plaintiffs' Complaint in abeyance until after this Court's order on Plaintiffs' Motion.

Date: July 13, 2022.                                    Respectfully Submitted,

                                                        KARL A. RACINE
                                                        Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

*/s/ Mateya B. Kelley*
ANDREW J. SAINDON [456987]
Senior Assistant Attorney General
MATEYA B. KELLEY [888219451]
RICHARD P. SOBIECKI [500163]
HELEN M. RAVE*
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 724-5824
Email: mateya.kelley@dc.gov

*Counsel for Defendants*

---

\*      Admitted to practice only in the State of New York. Practicing in the District of Columbia under the direct supervision of Matthew Blecher, a member of the D.C. Bar, pursuant to LCvR 83.2(f) and D.C. Court of Appeals Rule 49(c)(4).