UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DICK ANTHONY HELLER, *et al.*,<br><br>   *Plaintiffs*,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>   *Defendants*. | Civil Action No. 1:22-cv-1894-DRF |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR EXPEDITED DISCOVERY**

**INTRODUCTION**

Plaintiffs request a preliminary and permanent injunction to enjoin enforcement of 24 DCMR § 2343.1. Defendants the District and Chief Contee seek expedited discovery to gather information concerning Plaintiffs' standing and allegations of imminent harm to prepare an adequate defense to Plaintiffs' motion for emergency injunctive relief.

**BACKGROUND**

Plaintiffs Dick Anthony Heller, Charles W. Nesby, and the Heller Foundation filed this lawsuit on June 30, 2022. Plaintiffs bring two claims challenging 24 DCMR § 2343.1, a regulation that limits the amount of ammunition that may be lawfully carried by an individual with a concealed carry license to two times the amount required to fully load the pistol being carried, not to exceed twenty rounds of ammunition. On July 11, 2022, Plaintiffs filed a motion for a preliminary injunction seeking to enjoin the enforcement of this regulation preliminarily and permanently. *See* Pls' Mem. Appl. Prelim. Inj. (PI Mem.) at 26–27 [7-1].

**LEGAL STANDARD**

Under Rule 26(d)(1), a party may not seek discovery before the Rule 26(f) conference except "in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."  When considering whether to permit expedited discovery, courts in this jurisdiction typically apply a "reasonableness" test. *See Guttenberg v. Emery*, 26 F. Supp. 3d 88, 97–98 (D.D.C. 2014).  Under the reasonableness test, the court considers the reasonableness of the request in light of the circumstances of the litigation as a whole, including whether a preliminary injunction is pending; the timing, breadth, and purpose of the discovery; and the burden on the responding party. *Id.* at 98 (citation omitted).[1]

**ARGUMENT**

Under the circumstances of this litigation, expedited discovery related to Plaintiffs' preliminary injunction motion is reasonable.  *See Garnett v. Zeilinger*, Case No. 17-1757, 2017 WL 8944640, at *2 (D.D.C. Dec. 15, 2017).  Defendants seek to propound only a handful of targeted interrogatories.  And those limited requests are directly related to Plaintiffs' allegations of irreparable harm and standing, including the representational standing of Plaintiff Heller Foundation.

Defendants need this information to effectively oppose Plaintiffs' application for emergency injunctive relief.  At the preliminary injunction stage, "likely irreparable harm in the absence of preliminary relief" and "likely success on the merits" are two of the four factors

---

[1] While some courts use a different test, courts in this District have recently found that the reasonableness test is more appropriate, especially when the expedited discovery request is related to a preliminary injunction.  *See, e.g., id*. at 97; *Attkisson v. Holder*, 113 F. Supp. 3d 156, 162 (D.D.C. 2015); *Legal Tech. Grp. v. Rajiv Mukerji & HBR Consulting LLC*, Case No. 17-631, 2017 WL 7279398 (D.D.C. June 5, 2017).

courts consider. *Archdiocese of Wash. v. Wash. Metro. Area Transit Auth.*, 897 F.3d 314, 321 (D.C. Cir. 2018) (quotation omitted). Moreover, unless Plaintiffs have standing, they cannot show likelihood of success on the merits. *See Elec. Privacy Info. Ctr. v. Presidential Advisory Comm'n on Election Integrity*, 878 F.3d 371, 377 (D.C. Cir. 2017). And if Plaintiffs are not, in fact, likely to suffer imminent irreparable harm, their case need not be fast-tracked. Thus, the limited information Defendants seek—chiefly, details concerning Plaintiffs' allegedly *imminent* need to violate 24 DCMR § 2343.1 and Plaintiff Heller Foundation's representational standing in this action—is narrowly tailored to reveal information directly related to the application for preliminary injunction currently pending before the Court. *Cf. Guttenberg*, 26 F. Supp. 3d at 98. Finally, facts concerning the alleged harms to plaintiffs are also relevant to the Court's consideration of the balance of the equities and the public interest. *See*, *e.g.*, *Archdiocese of Wash.*, 897 F.3d at 321. Where, as here, expedited discovery will "better enable the court to judge the parties' interests and respective chances for success on the merits," the purpose of seeking discovery weighs in favor of granting the request. *Garnett*, 2017 WL 8944640 at *2 (quoting *Educata Corp. v. Sci. Computers, Inc.*, 599 F. Supp. 1084, 1088 (D. Minn. 1984).

      Furthermore, Defendants' proposed discovery will have only a minimal burden on Plaintiffs and should not cause substantial delay. Defendants seek to propound only a few interrogatories concerning Plaintiff Heller's and Plaintiff Nesby's personal experiences carrying and deploying firearms in the District and Plaintiff Heller Foundation's membership. This information is currently known to Plaintiffs or should be readily available[2] and would not be

---

[2]     In the event Plaintiff Heller Foundation does not have information concerning its members readily available such that it can respond within a reasonable time and confirm its standing, it may simply withdraw its request for emergency injunctive relief, allowing the application for preliminary injunction to proceed only as to Plaintiffs Heller and Nesby.

burdensome to produce. Plaintiffs presumably can produce the information inside of 14 days—as Defendants propose in the accompanying proposed order—which is approximately the time Plaintiffs waited to file their preliminary injunction motion after filing this action.

Defendants request this expedited discovery significantly earlier than usual, but Plaintiffs have moved to preliminarily and permanently enjoin the provision at issue, *see* PI Mem. at 26–27, before Defendants have answered or had any opportunity for discovery. Under the circumstances, it is reasonable to grant Defendants' request for limited, expedited discovery to gather information directly related to Plaintiffs' motion for a preliminary injunction.

## CONCLUSION

For the foregoing reasons, the Court should grant the Defendants' motion.

Date: July 14, 2022.                                             Respectfully Submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

*/s/ Helen M. Rave*
ANDREW J. SAINDON [456987]
Senior Assistant Attorney General
MATEYA B. KELLEY [888219451]
RICHARD P. SOBIECKI [500163]
HELEN M. RAVE*
Assistant Attorneys General
Civil Litigation Division

---

\*       Admitted to practice only in the State of New York. Practicing in the District of Columbia under the direct supervision of Matthew Blecher, a member of the D.C. Bar, pursuant to LCvR 83.2(f) and D.C. Court of Appeals Rule 49(c)(4).

                                                400 6th Street, NW
                                                Washington, D.C. 20001
                                                Phone: (202) 735-7520
                                                Email: helen.rave@dc.gov

*Counsel for Defendants*