**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DICK ANTHONY HELLER**, *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **DISTRICT OF COLUMBIA**, *et al.*, <br><br> **Defendants.** | **Civil Action No. 22-CV-01894 (DLF)** |

## DEFENDANTS' FIRST SET OF INTERROGATORIES

Under Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant District of Columbia (the District) directs these interrogatories to Plaintiffs Dick Anthony Heller, Charles Nesby, and Heller Foundation. The District requests that Plaintiffs separately provide verified answers to each interrogatory.  A copy of Plaintiffs' answers to these interrogatories must be served on undersigned counsel within fourteen days of service of these requests, as ordered by the Court.

### DEFINITIONS

1.      The terms "Plaintiff," "you," and "your" refer to the named Plaintiffs, as well as any of their agents, employees, and representatives, and, unless privileged, attorneys.

2.      The term "person" includes individuals, corporations and other entities.  Where the name or identity of a person is requested, please state the full name, home address, business address and telephone number.  When the answer is made by a corporation or other legal entity or representative, state the name, address, and title of the person supplying the information under oath, and the source of the information.  Where an interrogatory calls for you to identify acts or

omissions, specify the date(s), time(s), and location(s) of those acts or omissions and the persons having committed the act or omission.

3.  "District of Columbia" or "District" refers to the District of Columbia, including its employees, agents, and officials, unless otherwise stated.

4.  "This lawsuit," "this litigation," and "this action" mean *Heller v. District of Columbia*, Civil Action No. 22-1894 (DLF), pending in the United States District Court for the District of Columbia.

5.  Whenever a request is made to "identify," the term shall mean to identify and describe all information, tangible and intangible, documents, and persons with information or documents responsive to the request.  In addition:

    a.  "Identify" when used in reference to a natural person means to state his or her full name, date of birth, present residential address, present telephone number(s), present business affiliation, business title, business phone number, and present business address, or if the above are not known, such information as was last known, or his or her residential address, business title, business affiliation, and business address at the time in question.

    b.  "Identify" when used in reference to a document means to state the type of document (*e.g.*, letter, bill, memorandum, contract) or some other means of identifying it, its author or authors, addressee or addressees, recipients of copies, if any, and its present location or custodian.  If any such document is no longer in your possession or subject to your control, "identify" also means to state what disposition was made of it and the date of such disposition.

    c.     "Identify" when used in reference to an act, job, occurrence, transaction, decision, payment, statement, discussion, conversation, communication, or conduct means to describe in substance the event or events constituting such act, describe what transpired, state the exact words spoken, state the place and date of the act, and identify the persons present, the persons involved, and the documents referring or relating to the act.

6.     Information "related to" or that "relates to" a subject is all information that refers to, embodies, touches upon, or any in way concerns that subject.

7.     "And" and "or" shall be construed either conjunctively or disjunctively so as to bring within the scope of these requests any information that might otherwise be construed to be outside their scope.

8.     As used in these requests, the singular of any word or phrase includes the plural and the plural includes the singular.

9.     "Communication" includes all communication in written, oral, and electronic form, and all assertive conduct.

10.    "Document" means the original and each non-identical copy of any written, typed, printed, recorded, or graphical matter, however recorded, stored, produced or reproduced, or any tangible thing that in whole or in part illustrates or conveys information, including, but not limited to, papers, letters, notes, books, correspondence, memoranda, interoffice and intra-office communications, corporate reports or records, memoranda or minutes of meetings or conversations whether personal or telephonic, cablegrams, mailgrams, electronic mail, telegrams, reports, summaries, surveys, analyses, studies, calculations, projections, ledgers and other compilations of data, service reports, service notes, journals and other formal and informal books

of record and account, bulletins, notices, photographs, correspondence, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, graphs, statements, notebooks, handwritten notes, records and recordings of oral conversations, work papers, and also including, but not limited to, originals and all copies that are different in any way from the original whether by interlineation, receipt stamp notation, indication of copies sent or received, marginal notes, or otherwise, and drafts, which are or ever were in your possession, custody or control.

11.    Any words, phrases, or terms not explicitly defined above should be read with their common, ordinary, and accepted meaning given their particular context and usage in these interrogatories and requests.

## INSTRUCTIONS

1.    Your answers or responses to interrogatories must include knowledge, information, or documents in the possession of you, your agents, representatives, and attorneys. Pursuant to Rule 33, each interrogatory must be answered separately and under oath by each Plaintiff, individually.  Where information provided is not within your personal knowledge, your response may indicate that the information is being provided upon information and belief.

2.    Under Rule 26(e)(1)(A), these interrogatories are continuing in nature.  If you obtain additional or different responsive information or documents, including, without limitation, information or documents that render any answer or response false, inaccurate, or incomplete, you must supplement your answers or responses with such information or documents seasonably.

3.    Unless otherwise indicated, these interrogatories refer to the time, place, facts, and circumstances surrounding the allegations set forth in Plaintiffs' Complaint and Application for Preliminary Injunction.

4.      If you cannot answer fully after conducting a reasonable investigation, please so state and answer to the extent that you can, stating what information you have and the efforts you made to obtain the further information.

5.      As to any document that you assert has been lost or destroyed, identify each such document by date, author, addressees, recipients of copies, number of pages, and a brief description of its subject matter, and state the circumstances under which each such document was lost or destroyed.

6.      Include in your responses an explanation of the extent to which any response is known or believed to be incomplete, limited, or qualified.

7.      If you believe any word, phrase, or other aspect of any interrogatory or document request to be vague or otherwise not fully comprehensible, promptly contact undersigned counsel to obtain clarification.

8.      On each request to which you object, including on the basis that responsive information is privileged or protected from disclosure, please state the objection and the reason for the objection in sufficient detail for a reviewing court to ascertain whether the objection is valid as applied to the information you are refusing to disclose.

## **DEFENDANTS' FIRST SET OF INTERROGATORIES**

1.      Since obtaining your concealed-carry license from MPD, have you (or any family member) been subject to a specific threat of death or serious bodily harm, or a theft of property? If you answer affirmatively, please describe each instance in which you (or any family member) were subject to a specific threat of death or serious bodily harm, or a theft of property, including in your response the firearm you deployed (if any), the number of rounds you had on your person, and the number of rounds fired.

2.      Identify each firearm for which you possess a concealed-carry license and state the maximum number of rounds with which each firearm may be loaded.

3.      Describe the relationship between contributors to the Heller Foundation and the Heller Foundation.  If there is any other group of individuals with a formal relationship to the Heller Foundation, please identify that group and describe the relationship.

4.      Identify each member or contributor of the Heller Foundation who has a concealed pistol license issued by MPD.  For each such individual, please provide the following information:  (a) the identity of each firearm for which he/she possesses a concealed carry license and the maximum number of rounds with which each firearm may be loaded; (b) the approximate number of days per year he/she carries a concealed firearm in the District and, if known, the last date he/she did so; and (c) a description of each instance in which he/she (or any member of his/her family) was subject to a specific threat of death or serious bodily harm, or a theft of property, including in your response the firearm he/she deployed (if any), the number of rounds he/she had on his/her person, and the number of rounds fired.

5.      Have you ever been assaulted in the District of Columbia?  If so, identify and describe each incident in detail.

Date: July 14, 2022.

Respectfully Submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

6

*/s/ Andrew J. Saindon*

ANDREW J. SAINDON [456987]
Senior Assistant Attorney General
MATEYA B. KELLEY [888219451]
RICHARD P. SOBIECKI [500163]
HELEN M. RAVE*
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 724-6643
Email: andy.saindon@dc.gov

*Counsel for Defendants*

---

\*       Admitted to practice only in the State of New York. Practicing in the District of Columbia under the direct supervision of Matthew Blecher, a member of the D.C. Bar, pursuant to LCvR 83.2(f) and D.C. Court of Appeals Rule 49(c)(4).